AARON LEE SHIPLEY,
v.
CARMEN SHIPLEY, NEE CAVALIER.
No. 2009 CA 0235.
Court of Appeals of Louisiana, First Circuit.
September 11, 2009.
Not Designated for Publication
CHARLES E. GRIFFIN, II, Attorney for Defendant/Appellant, Carmen Shipley.
BRENT K. DeLEE Attorney for Plaintiff/Appellee, Aaron Lee Shipley.
Before: CARTER, C.J., GUIDRY and PETTIGREW, JJ.
CARTER, C. J.
This is an appeal of a judgment partitioning community property incidental to the divorce of Aaron Lee Shipley and Carmen Shipley. Ms. Shipley has appealed contending the trial court erred in its valuation of a piece of property, in failing to consider certain items to be community assets, and in allowing Mr. Shipley certain credits for reimbursement claims.
The trial court determined that the community owned an undivided one-fifth interest in a piece of property located in a rural area of Mississippi. The property passed to Mr. Shipley and his siblings through the estate of Mr. Shipley's father. The community purchased an undivided one-fifth interest in the property from one of Mr. Shipley's siblings for $36,000.00. The trial court determined the value of the community-owned undivided one-fifth interest to be $36,000.00 or the price paid.
Ms. Shipley contends the trial court should have calculated the value of the community interest by dividing by five the estimated value of the entire property as established by the expert real estate appraiser. The appraiser testified that the estimated value of the property was $269,000.00, based on an exterior inspection of the property. The appraiser's report qualifies, "The appraiser is making an extraordinary assumption that property is average and is as describe[d] in public records, but [if] upon a[n] interior inspection it is found to be different this could change the estimate market value of the property." The appraiser testified that she was not asked to appraise the undivided one-fifth interest in the property.
If the trial court's valuations are reasonably supported by the record and do not constitute an abuse of discretion, its determinations should be affirmed. Howard v. Howard, 43,178 (La. App. 2 Cir. 4/30/08), 981 So.2d 802, 805, writ denied, 08-1182 (La. 9/19/08), 992 So.2d 932. After reviewing the record in this matter, we find that the trial court's valuation of the property is reasonably supported by the record and is not manifestly erroneous.
Ms. Shipley also complains that the trial court did not consider a camp and certain cattle to be community assets, but allowed Mr. Shipley credit for a loan used to buy the cattle. The trial court explained in its written reasons that there was no evidence of any interest in a camp or of the value of the camp. Likewise, the trial court found no evidence of ownership of cattle, other than some testimony that cattle was bought and sold during the existence of the community regime. However, the trial court did find sufficient evidence that a loan was made during the existence of the community and that Mr. Shipley repaid it with separate funds after the community's dissolution. The record reasonably supports these factual findings.
Finally, Ms. Shipley complains that Mr. Shipley did not prove his entitlement to certain reimbursement claims that the trial court allowed, i.e., payment of the cattle loan, payments made for a Honda all terrain vehicle, and payment for tax liabilities. A trial court's findings as to whether reimbursement claims have been sufficiently established are reviewable under the manifest error standard. Corkern v. Corkern, 05-2297 (La. App. 1 Cir. 11/3/06), 950 So.2d 780, 787, writ denied, 06-2844 (La. 2/2/07), 948 So.2d 1083. After reviewing the record and particularly the trial court's thorough written reasons, we find no manifest error in the trial court's findings that the reimbursement claims were sufficiently established.
Considering the foregoing, the judgment of the trial court is affirmed. This memorandum opinion is issued in compliance with URCA Rule 2-16.1.B. Costs of this appeal are assessed to Carmen Shipley.
AFFIRMED.